J. C. Degress v. R. B. Hubbard et al.

(No. 2673.)

Misjoinder of parties and multiplicity of actions.

Appeal from Travis county. Opinion by Watts, J.

Statement.— This suit was instituted by appellant against the appellees May 4, 1874. The petition and amended petitions show that on the 3d of May, 1871, plaintiff was appointed superintendent of public instruction by the governor of the state and confirmed by the senate May 5, 1871, and that his was the first appointment made and confirmed under the constitution of 1869; that he was duly qualified according to law, and was the legal incumbent of said office and entitled to said office on the 16th of February, 1874; was in peaceable possession of the same and rightfully entitled to perform the duties thereof, hold possession of said office, books, records, papers, as well as the rooms thereto belonging, and receive the salary allowed by law to said office; that on that day the defendants wrongfully and with force ejected him from said office, and took possession of the same, at which time the defendants assaulted petitioner with force and arms, and ejected him from said office; that for the purpose of dispossessing him of said office they unlawfully and wrongfully, with force and arms, assaulted, beat and struck him and deprived him of his liberty, and they compelled him to let them take possession of said office with all the books, records, papers, etc., belonging thereto, to plaintiff's damage in the sum of $20,000; that the defendant, O. N. Hollingsworth, has possession of said office, books, etc., and had in violation of plaintiff's rights received $816.47 of the salary belonging to the same; that Hollingsworth combined and confederated with the other defendants and did with them commit all the wrongs, etc., complained of. In the original petition S. H. Darden, the comptroller, was made a party for the purpose of restraining him from issuing warrants for Hollingsworth for

any more of the salary of superintendent of public instruc-
tion. The case was afterwards dismissed as to Darden.
By amended petition it was shown that Hollingsworth had
continued to receive the salary of said office of superintend-
ent of public instruction to the further sum of $3,000.

In the original petition plaintiff had prayed for damages
for a judgment for possession of said office. By amended
petition he abandoned his prayer for judgment for posses-
sion of the office, and made his suit one for damages against
Hollingsworth for the amount of salary drawn by him,
amounting to $3,000. The defendants demurred to the pe-
tition, and the court below sustained the demurrer, dis-
missed the case and rendered judgment against plaintiff
for costs. Plaintiff moved for a new trial, which was re-
fused, and he appeals.

The only point in the case is raised by the error first as-
signed: " That the court erred in its ruling sustaining the
demurrer of defendants to plaintiff's petition."

OPINION.— The demurrers to appellant's petition sustained
by the court presented several objections to the same as
amended, the principal ground being that of misjoinder of
defendants and causes of action, or, as it is termed in equity
pleading, multifariousness.

The appellant joined in his petition a claim for damages
against five defendants, growing out of an alleged assault
and battery and false imprisonment, and a claim against
one of the five alone for money had and received. In the
case of Clegg v. Varnell, 18 Tex., 304, it was said, " the
rule against multiplicity of suits has peculiar force in our
system of procedure. Within reasonable limits it is the
cardinal principle as to the joinder of parties and causes of
action."

Defendants, however, should not be put to inconvenience,
expense and delay in litigating matters in which they have
no interest. See Frost v. Frost, 45 Tex., 341; Story on
Equity Pleading, sec. 539. The court, in the case of Clegg v.

Varnell, treating of this question, said: "The substance of the rules on this subject appears to be that each case must be governed by its own circumstances, and whether it be multifarious or not must be left in a great measure to the sound discretion of the court." In a case like the one before us it can be perceived how and in what way inconvenience, injustice and delay might be caused to a portion of the defendants to the suit, as there is no relevancy or connection between an action for damages for tort and an action for money had and received. The court below, in the exercise of a discretion, sustained the demurrer to the petition and dismissed the suit, and in this respect we find no such palpable abuse of that discretion as would authorize a reversal of the judgment.

AFFIRMED.